IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 29, 2020

## STATE OF TENNESSEE v. STEPHEN R. MAYES

**Appeal from the Criminal Court for Knox County**
**No. 102696   G. Scott Green, Judge**

_____

**No. E2019-02312-CCA-R3-CD**

_____

Stephen R. Mayes, Defendant, appeals from the trial court's denial of his motion to correct an illegal sentence filed pursuant to Tennessee Rule of Criminal Procedure 36.1. After a review of the record and the briefs of the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Stephen R. Mayes, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; and Charme P. Allen, District Attorney General, for the appellee, State of Tennessee.

## OPINION

In November of 2013, Defendant was indicted by the Knox County Grand Jury for especially aggravated kidnapping, aggravated kidnapping, aggravated robbery, and two counts of aggravated assault. Defendant eventually pled guilty to aggravated kidnapping and the remaining counts of the indictment were dismissed. *State v. Stephen Richard Mayes*, No. E2018-00612-CCA-R3-CD, 2019 WL 1011979, at *1 (Tenn. Crim. App. Mar. 4, 2019), *perm. app. denied* (Tenn. June 19, 2019). At the guilty plea hearing, counsel for the State informed the trial court that Defendant was pleading guilty to aggravated kidnapping and recommended an out-of-range sentence of fifteen years with a release eligibility of 100%. The State mentioned that Defendant would be eligible for

parole after 85% service of the sentence if Defendant earned good behavior and sentencing credits while incarcerated. The trial court went over the plea with Defendant, noting that Defendant was pleading guilty as a Range II, multiple offender to a fifteen-year sentence with 100% release eligibility.

In March of 2018, Defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1 in which he argued that the trial court did not have jurisdiction to impose his sentence. *Stephen Richard Mayes*, 2019 WL 1011979, at *1. Defendant argued that his sentence was illegal, citing Tennessee Code Annotated section 40-35-112(a)(2) to support his argument that a Range I sentence for a Class B felony is between eight and twelve years. *Stephen Richard Mayes*, 2019 WL 1011979, at *1. The trial court summarily dismissed his motion and Defendant appealed. *Id.* This Court affirmed the dismissal of the motion and the supreme court denied permission to appeal. *Id.*

Defendant filed a second motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 on November 25, 2019. In this motion, Defendant argued that his sentence was void "because the transcript of the plea submission hearing state[d] a release eligibility date where early release [wa]s statutorily prohibited." In an accompanying memorandum of law, Defendant argued that his sentence illegally included an 85% release eligibility provision. The trial court summarily dismissed this motion and Defendant appealed.

*Analysis*

On appeal, Defendant argues that the trial court improperly dismissed the motion "because the judgment and sentence[] imposed provided for parole eligibility when early release (parole) is statutorily prohibited." Specifically, Defendant claims that Tennessee Code Annotated section 40-35-501(i) prohibits him from receiving 85% release eligibility. Defendant also argues, for the first time on appeal, that his guilty plea was unknowing and involuntary because it contained an illegal sentence. The State, on the other hand, disagrees, insisting that the trial court properly dismissed the motion filed pursuant to Rule 36.1.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising

from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal), and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.*

In this case, Defendant pled guilty to aggravated kidnapping, a Class B felony. T.C.A. § 39-13-304(b)(1). A Range I offender convicted of a Class B felony is subject to a sentence of between eight and twelve years. *See* T.C.A. § 40-35-112(a)(2). Defendant, however, agreed to be sentenced as a Range II, multiple offender to a sentence of fifteen years. A Range II, multiple offender convicted of a Class B felony is subject to a sentence of not less than twelve nor more than twenty years. T.C.A. § 40-35-112(b)(2). Moreover, there is no release eligibility for a person convicted of aggravated kidnapping. T.C.A. § 40-35-501(i)(1), (i)(2)(D). Thus, a defendant convicted of aggravated kidnapping is required to serve "one hundred percent (100%) of the sentenced imposed by the court[,] less sentence credits earned and retained," but the sentence imposed cannot be reduced "by more than fifteen percent (15%)." *Id.* An inmate "who exhibits good institutional behavior or who exhibits satisfactory performance within a program may be awarded time credits toward the sentence imposed[.]" T.C.A. § 41-21-236.

Defendant's judgment form indicates that he pled guilty as a Range II, multiple offender. In the next column, the "release eligibility" box is checked next to "Violent 100%." The plea form and the guilty plea submission hearing both indicate that Defendant agreed to a fifteen-year out-of-range sentence with 100% release eligibility in exchange for dismissal of the remaining charges. Defendant was and is statutorily eligible to reduce his sentence by up to fifteen percent by earning good behavior credits. Defendant's sentence is not illegal and does not "designate release eligibility dates when early release is prohibited." *See Wooden*, 478 S.W.3d at 595.

Moreover, Defendant did not present in his Rule 36.1 motion his argument that he unknowingly and involuntarily entered into a guilty plea to the trial court. As it is being presented for the first time on appeal, the issue is waived. *See* Tenn. R. App. P. 3(e). Additionally, this claim is not cognizable in a 36.1 motion. *See State v. Thomas Edward Kotewa*, No. E2015-02111-CCA-R3-CD, 2016 WL 4943379, at *1 (Tenn. Crim. App. Sept. 15, 2016), *no perm. app. filed.* Defendant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____

TIMOTHY L. EASTER, JUDGE